```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

DANIEL CORTINA, Authorized Representative Raydel Cortina,

    Petitioner,

v.                                    Case No. 2:26-cv-132-JES-DNF

WARDEN, ALLIGATOR DETENTION CENTER and U.S. ATTORNEY GENERAL,

    Respondents.
_____/

**OPINION AND ORDER**

Before the Court is a Petition for Writ of Habeas Corpus filed by Raydel Cortina on behalf of his father, Daniel Cortina, who is detained by immigration officials at an unspecified facility. (Doc. 1). Daniel Cortina seeks immediate release from immigration custody or a bond hearing. (Doc. 1 at 2).

The "[a]pplication for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242. The latter part of that statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility." Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). But "next friend standing is by no means granted automatically to whomever seeks to pursue an action

on behalf of another." Id. at 163 (internal quotation marks omitted). The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and he must be truly dedicated to the best interests of the detainee. Id. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. at 164.

Daniel Cortina does not demonstrate that "next friend" status is appropriate here. The petition does not explain why he cannot appear on his own behalf. Nor does it show that his son can fairly represent his interests. Because Raydel Cortina does not demonstrate the propriety of "next friend" status, he lacks standing to commence this action on Daniel Cortina's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

2

Accordingly, this action is **DISMISSED without prejudice**. The **Clerk** is **DIRECTED** to terminate any pending deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on January 26, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE